**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VIDAL ARANA CABRERA,

Petitioner

v.

DHS, et al.,

Respondents

Case No.: 2:26-cv-02438-APG-NJK

**Order Granting Petition for Writ of Habeas Corpus**

[ECF No. 9]

Petitioner Vidal Arana Cabrera is a citizen of Guatemala who has been detained by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) since June 28, 2026. ECF Nos. 9 at 4; 6-1 at 12. Cabrera first entered the United States in 2005, but he was removed through an expedited removal. ECF No. 9-1 at 4. At some point thereafter, Cabrera reentered the country and lived here for approximately 18 years. ECF No. 9 at 3. He was arrested by ICE in June 2026 while arriving home from work. *Id.* at 4; ECF No. 6-1 at 12. That same day, DHS reinstated his 2005 removal order. ECF No. 6-1 at 4. In September 2026, an immigration judge denied his reasonable fear claim and Cabrera appealed that decision to the Ninth Circuit. ECF Nos. 17 at ; 17-1 at 2. The Ninth Circuit temporarily stayed his removal. *Id.*

Cabrera filed a petition for writ of habeas corpus seeking his release on numerous grounds, including that the warrant to arrest him was invalid due to timing and signature issues, and that his detention without an individualized custody determination violates due process. He seeks his release or, alternatively, a bond hearing pending the resolution of his reasonable fear determination.

This case previously was assigned to Judge Boulware, who issued an order for the federal respondents to show cause why the petition should not be granted. ECF No. 10. In response, the

federal respondents asserted that Cabrera was not a member of the class certified in *Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC, 2026 LEXIS 175584 (D. Nev. Mar. 30, 2026) because he was subject to a reinstated final order of removal. It also argued that he was mandatorily detained under 8 U.S.C. §§ 1231(a)(5) and (a)(2) because he is subject to the reinstated final removal order and is within the 90-day removal period following that reinstatement.

In reply, Cabrera argues that § 1231(a)(2) does not govern his detention because the removal period associated with his initial removal order expired in 2005. Additionally, he contends that even if his final order of removal was reinstated, his arrest and detention was illegal because the federal respondents did not arrest him pursuant to a valid warrant. He notes that the federal respondents did not address any of his legal or factual contentions about the warrant's invalidity, so they have conceded the issues. He thus requests release.

The federal respondents have not responded to Cabrera's contentions regarding alleged defects in the warrant. They do not dispute his factual assertions that the warrant was not signed by a person eligible to authorize the warrant under the applicable regulation and that it was issued only after he had already been arrested. Nor do they dispute his legal contentions that this violates due process and the agency's own regulations. The federal respondents thus have conceded these issues. LR 7-2(d). Accordingly, I grant Cabrera's petition and order his release.

I THEREFORE ORDER respondent John Mattos to release petitioner Vidal Arana Cabrera from the custody of CoreCivic no later than 1:00 p.m. on Friday, October 9, 2026. The respondents must transport Cabrera to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Cabrera's counsel of the estimated time of release for coordination purposes at least one hour before he is released.

I FURTHER ORDER the respondents to return all of Cabrera's personal property to him upon his release.

I FURTHER ORDER that the respondents are enjoined from re-detaining Cabrera in the future absent compliance with its own regulations.

I FURTHER ORDER the clerk of court to close this case.

DATED this 7th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE